■ In the Matter of the Claim of ELVIRA FERRERI, Respondent, v. GENERAL AUTO DRIVING SCHOOL, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

MEMORANDUM BY THE COURT. Decedent, a licensed driving instructor, employed as such for some 13 years and having been questioned some nine months before in the course of a continuing investigation by the State Motor Vehicle Department into alleged unlawful activities of certain of the department's inspectors

who gave drivers' tests, was interrogated on the day of his death at the office of the department by an inspector, one Walsh, in connection with a charge that decedent had given money to one of the senior inspectors. The questioning was suspended when Walsh and decedent left the building — intending to get coffee and then return for interrogation of decedent by a deputy commissioner, according to Walsh; or, according to other evidence, to submit decedent to a lie detector test by an agency which occasionally gave such tests for the department in a nearby building. Shortly after the men reached the street decedent collapsed and died of a heart attack. Decedent's widow testified that following the questioning of some months before, decedent " was very much upset * * * couldn't eat * * * was emotionally disturbed * * * couldn't rest and * * * couldn't sleep ", that the investigators " had put him in an awful spot; either he told what he knew otherwise they would deprive him of earning a livelihood for his family." She said that on the day of his death he came home at noon and told her that he had been directed to appear for further interrogation; that he was " very distraught " and just before he left " broke down and cried ". The inspector, Walsh, testified that decedent was not subjected to severe questioning, and that, when pressed for information, decedent said repeatedly that he didn't want to get anyone into trouble and remained calm and unexcited. The board found " that in the presence of pre-existing cardiac pathology, the strain and tension of the anticipation of the inquiry and the interrogation itself October 19, 1961, as well as the implication of the investigation and its possible effect on his very livelihood, subjected decedent to such severe and undue emotional stress as to have precipitated the fatal heart attack (see *Klimas* vs. *Trans-Caribbean Airway, Inc.*, [10] N Y 2d [*sic*] [209] reversing 12 A D 2d 551)." That excessive emotional strain and stress within the meaning of *Klimas* would warrant an award in this or any other case is obvious but we cannot intelligently review the board's application of the *Klimas* rule without adequate findings which shall resolve at least the critical conflicts in the evidence and clearly state the basic facts found. Preceding the quoted portion of the board's decision appear numerous recitals of testimony and of conflicting testimony with no indication as to which evidence the board has credited. Thus it is recited that " Walsh has testified that "; that there " is also the testimony of a co-employee that "; with no indication as to which of the conflicting versions has been accepted. Similarly, the statement, " There is further evidence in the record that ", affords no clue as to whether or not the " further evidence " has been credited or rejected. The practice of reciting salient portions of the evidence on both sides of the case seems to us a good one, which should not be discouraged; but ultimately the decision, if it is to be a decision, must state which of the alleged facts in evidence the board has accepted as true. In a case as close as this appears to us to be, the omissions are critical. Absent proper findings, we do not conceive it our function to explore the record in order to form some conclusion as to whether in the most favorable view of this proof or upon a record more fully developed upon remittal, an award might be sustainable; and consequently we express no opinion. Decision reversed and case remitted, with costs to appellants against the Workmen's Compensation Board. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.